**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LUCINDA SWATZELL, | ) | |
|     Plaintiff | ) | |
| | ) | 1:16-CV-262 |
| v. | ) | |
| | ) | |
| SOUTHEAST MISSOURI | ) | **JURY TRIAL DEMANDED** |
| STATE UNIVERSITY, | ) | |
|     Defendant | ) | |

# FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Lucinda Swatzell, by and through the undersigned counsel of record and files herewith her First Amended Complaint to correct the name of the Defendant. Defendant was improperly named "Southeastern Missouri State University" in the initial Complaint, as opposed to "Southeast Missouri State University", which is the correct name. The first amended complaint was filed before an answer was filed, solely to correct the spelling of Defendant's name. The allegations contained in the complaint are unchanged.

## PARTIES, VENUE AND JURISDICTION

1. Defendant Southeast Missouri State University ("SEMO") SEMO is a public, accredited university located in Cape Girardeau, Missouri, near the banks of the Mississippi River.

2. Jurisdiction is specifically conferred on this Court by 28 U.S. Code § 1331.

3. This Court has ancillary or pendent jurisdiction over Plaintiff's state law claims pursuant to 28 USC §1367, as her state law claims are substantially similar to the federal cause of action set forth herein.

1

4. Venue is proper in this district under 28 U.S. Code §1391.

5. Plaintiff met all conditions precedent to filing suit in accordance with 42 USC 2000e-5(f)(l), 29 CFR 1601.28, and Chapter 213, RSMo.

6. Dr. Kenneth Dobbins was the President of SEMO during all times mentioned herein ("Dr. Dobbins").

7. Mr. James Cook was the Director of Human Resources for SEMO during all times mentioned herein ("Cook").

8. Cook was also the Interim Assistant to the President for Equity and Diversity Issues at all times mentioned herein.

9. Mr. Bill Eddleman was the Provost at SEMO during all times mentioned herein ("Eddleman").

10. Dr. Chris McGowan was the Dean of the College of Science, Technology & Agriculture for SEMO during all times mentioned herein ("Dr. McGowan").

11. Ms. Kathy Mangels was the Vice President for Finance and Administration for SEMO during all times mentioned herein ("Mangels").

## NATURE OF ACTION

12. This action is brought pursuant to 42 USC §12101 as amended; 42 USC §2000e-3(a) and Chapter 213 RSMo. for disability discrimination; retaliation, breach of contract and due process violations in derogation of the 14 Amendment of the United States Constitution.

## FACTS COMMON TO ALL COUNTS

13. Dr. Swatzell was employed as a professor of biology at SEMO from August 2000 until January 14, 2015 when she received notice from James Cook of her termination.

14. During the time of her employment with SEMO, Dr. Swatzell was a tenured professor of biology.

15. She performed her job in a satisfactory manner during the course and scope of her employment with Defendant.

16. Dr. Swatzell was allegedly terminated by Defendant based on a student complaint.

17. On October 9, 2014, a SEMO undergraduate student majoring in Biology, filed a formal complaint naming Dr. Swatzell, alleging sexual harassment and retaliation.

18. The student complaint stemmed from a picture of the student that was posted on a bulletin board located in the Biology Department.

19. Dr. Swatzell expressly denied the student's allegations, and continues to deny these allegations, as they are without merit.

20. The student was a research assistant to Dr. Swatzell <u>prior</u> to lodging the formal complaint.

21. In November 2013, Swatzell informed the student to turn in his final product.

22. The student did not turn in the final product until July 2014. The so-called "final product" was incomplete and had to be finished by another student.

23. Accordingly, Dr. Swatzell informed the student to leave her lab.

24. Thereafter, the student filed the aforementioned complaint of harassment.

25. The student's complaint was initiated because Swatzell asked him to leave the lab.

26. Defendant conducted a so called "investigation" into the student's complaint.

27. The investigation conducted by Cook, included an interview of Dr. Swatzell.

3

28. The investigation was materially deficient in numerous ways and did not take into consideration the student's true motive behind lodging the complaint.

# COUNT I

Violations of The Americans with Disability Act, as amended
And
Missouri Human Rights Act

Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

29. Swatzell suffers from an inherited genetic disease, called "schizoaffective disorder", which caused: delusions; hallucinations; depression; periods of manic mood; impaired communication; and/or impaired occupation, academic; and social function.

30. Swatzell informed the Department Chair of her condition and that she was taking psychotropic drugs to ameliorate the debilitating effects of her medical condition.

31. At times, before and after the Fall 2014, Swatzell's behavior in and out of the classroom was noticeably different.

32. On September 3, 2014, Swatzell experienced a manic episode, which was witnessed by the President, Provost and Dean of the College.

33. Swatzell was questioned about the allegations contained in the student complaint.

34. Swatzell was unable to respond to questions surrounding the investigation due to her medical condition and because her medication did not properly or adequately control her medical condition.

35. She formally requested additional time to respond to the investigations and/or for more time to retain counsel to assist her with formulating a coherent response to the investigation, as a part of a request for an accommodation.

36. Dr. Swatzell was summarily denied such accommodation and access to counsel, which adversely affected the outcome of the investigation and violate her rights arising under the ADA and MCHR.

37. Dr. Swatzell was treated differently after notifying the Department Chair of her medical condition and that she was taking psychotropic drugs.

38. She was unlawfully denied an accommodation without inquiry or discourse as to the reasonableness of her request.

39. Swatzell was terminated because of her disability.

40. Swatzell's disability was a contributory factor in the decision to terminate her employment.

41. By engaging in the behavior set forth herein above, Defendant violated 42 USC §12101, as amended and Mo. Rev. Stat. § 213.055.

42. As a direct and proximate result to Defendant's conduct, Plaintiff has been damaged and has lost income, future pay, back pay, retirement, life insurance, health insurance, and other benefits; Plaintiff has suffered embarrassment and humiliation damage to her personal and professional reputation and sustained emotional distress and is entitled to monetary damages therefore.

43. Defendant's conduct was willful, wanton, and malicious and in complete disregard to Plaintiff's rights.

**WHEREFORE,** Plaintiff prays for a judgment for lost wages, lost benefits, for embarrassment, humiliation, damage to her personal and professional reputation, emotional distress, attorney fees and punitive damages in an amount that will prevent the Defendant from engaging in the same or similar conduct as outlined above, attorney fees and cost and for an amount that is fair and reasonable, along with any other such relief deemed just and appropriate by this Court.

## COUNT II

## VIOLATIONS OF DUE PROCESS

Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

44. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendant from depriving any person of life, liberty, or process, without due process of law.

45. Dr. Swatzell has a property interest in continued employment with Defendant as a tenured teacher.

46. Defendant deprived Swatzell of her property interest without due process of law, as it failed to afford her process set forth in the Faculty Handbook.

47. The Faculty Handbook governs the process due Swatzell and other tenured teachers subject to termination.

48. The Faculty Handbook specifically contemplates the process and/or procedure to terminate a faculty member's employment.

49. The Faculty Handbook characterized Defendant's relationship with Swatzell as one of an implicit employment interest afforded tenured faculty

50. Dr. Swatzell's employment, or termination, was subject to Chapter 2, Section F in the Faculty Handbook.

51. Dr. Swatzell was at no time provided with adequate prior notice of the proposed disciplinary action to be taken against her, until such time as the investigation "Report" was completed and a recommendation for termination was made.

52. Dr. Swatzell was at no time, afforded the right to demonstrate reasons why the proposed termination action should not be taken, with but one exception.

53. Dr. Swatzell at no time was afforded the ability to present evidence supporting her position.

54. Dr. Swatzell at no time was afforded the opportunity to call witnesses to support her position.

55. Dr. Swatzell was at no time provided with adequate prior notice of the opposing evidence, until such time as the Report was completed and a recommendation for termination was made.

56. Dr. Swatzell was at no time provided with the opportunity to cross-examine adverse witnesses.

57. Dr. Swatzell was at no time afforded an unbiased tribunal decision based on the evidence.

58. Dr. Swatzell was at no time afforded the opportunity to be represented by counsel of her choosing.

59. Dr. Swatzell was not provided with the requirement that an unbiased tribunal record the evidence presented, instead was in fact provided with the Cook Report that conceals the identity of adverse witnesses, and only includes adverse evidence.

60. Finally, Dr. Swatzell was not afforded the opportunity to have a written and prepared facts and findings of an unbiased tribunal.

61. Instead, she received a unilateral determination from Dr. Dobbins that Dr. Swatzell should not have been afforded the protections of due process, as contractually and constitutionally required, does not excuse SEMO of this derogation of duty.

62. Dr. Swatzell's professional experience was permanently marred by the callous disregards for due process by SEMO administration including, Dr. Dobbins, Cook, Mangles, and Eddleman.

63. SEMO, Dr. Dobbins, Cook, Mangles, and Eddleman's conduct and disregards for SEMO policies grossly exacerbated the professional issues and misapplication of protection of property interest that Dr. Swatzell was subjected to.

64. The conduct, and misapplication of due process protections, and purposeful subverting of the same, negatively affected Dr. Swatzell's position with SEMO, earning potential, future employment prospects, and already fragile psychological well-being.

65. The actions taken by SEMO, Dr. Dobbins, Cook, Mangles and Eddleman constitutes a violation of contractual and constitutionally required due process protections.

66. As a direct and proximate result of the violation, Plaintiff Dr. Lucinda Swatzell suffered, and continues to suffer the following injuries and damages:

a. Loss of employment.

b. Loss of future professional opportunities.

c. Loss of income.

d. Damage to personal reputation.

e. Damage to professional reputation.

  f.  Diminished value of professional record.

  g.  Attorney fees.

  h.  Loss of enjoyment of life.

  i.  Emotional distress and pain.

**WHEREFORE,** Plaintiff prays for an Order declaring Defendant violated Dr. Swatzell's due process rights, for injunctive relief proscribing future due process violations; reinstatement to her previous position, a judgment for lost wages, lost benefits, for embarrassment, humiliation, damage to her personal and professional reputation, emotional distress, attorney fees and punitive damages in an amount that will prevent the Defendant from engaging in the same or similar conduct as outlined above, attorney fees and cost and for an amount that is fair and reasonable, along with any other such relief deemed just and appropriate by this Court.

## COUNT III
## BREACH OF CONTRACT

Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

67. Defendant offered Dr. Swatzell employment as a biology professor on the campus of SEMO.

68. Dr. Swatzell accepted Defendant's offer and performed her duties and responsibilities thereunder in a satisfactory manner.

69. The terms and conditions of the agreement between Dr. Swatzell and SEMO are set forth in both the BPPM 03-01 Personnel, Employment Practices, General Statement of Policy, #2, and the Faculty Handbook, Chapter 2 "Faculty Policies and Procedures".

70. The terms and conditions of termination rights of faculty, including tenured faculty, is contained in Chapter 2, Section H "Termination of Faculty Employment".

71. The Faculty Handbook, Chapter 2, Section F – Faculty Tenure and Promotion Policy provides "*Academic tenure is an agreement under which faculty appointments are continued until retirement, subject to dismissal for adequate cause or unavoidable termination on account of financial exigency or change of institutional program.*".

72. In accordance with Chapter 2, Section F, Dr. Swatzell was entitled to continued employment until retirement absent proof of "adequate cause".

73. Dr. Swatzell at no time during her employment with SEMO decided to retire.

74. At no time during Dr. Swatzell's employment with SEMO, did Defendant establish Dr. Swatzell was terminated for adequate cause, as required by the aforementioned policy.

75. At no time during Dr. Swatzell's employment with SEMO was the biology department subject to financial exigency, necessitating termination

76. At no time during Dr. Swatzell's employment with SEMO was the biology department, or Dr. Swatzell's particular position, subject to a change of institutional program.

77. In seeking to terminate the employment with Dr. Swatzell, SEMO, Dr. Dobbins, Cook, Eddleman, Dr. McGowan, and Mangels should have followed the guidelines of the Faculty Handbook, particularly, Chapter 2, Section H.

78. Defendant breached the terms of the contractual relationship it had with Dr. Swatzell.

79. Dr. Swatzell was unduly damaged due to the breach of the contractual relationship.

80. As a direct and proximate result of the breach, Plaintiff Dr. Lucinda Swatzell suffered, and continues to suffer the following injuries and damages:

a.    Loss of employment.

b.    Loss of future professional opportunities.

c.    Loss of income.

d.    Damage to personal reputation.

e.    Damage to professional reputation.

f.    Diminished value of professional record.

g.    Attorney fees.

h.    Loss of enjoyment of life.

i.    Emotional distress and pain.

**WHEREFORE,** Plaintiff prays for an Order declaring Defendant violated Dr. Swatzell's due process rights, for injunctive relief proscribing future due process violations; reinstatement to her previous position, a judgment for lost wages, lost benefits, for embarrassment, humiliation, damage to her personal and professional reputation, emotional distress, attorney fees and punitive damages in an amount that will prevent the Defendant from engaging in the same or similar conduct as outlined above, attorney fees and cost and for an amount that is fair and reasonable, along with any other such relief deemed just and appropriate by this Court.

## COUNT IV

## RETALIATION

Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

81.    Dr. Swatzell notified Defendant the she taking psychotropic medicine to control her medical condition.

82. Defendant began treating Dr. Swatzell differently after receiving notice of her medical condition.

83. Swatzell opposed the discriminatory practice without success.

84. The discriminatory conduct directed toward Swatzell intensified after she opposed acts proscribed by Title VII and the Missouri Human Rights Act.

85. Swatzell was terminated in response to opposing Defendant's discriminatory acts and conduct.

86. Swatzell's opposition to Defendant's discriminatory conduct was a contributory factor in SEMO's decision to terminate her employment.

87. As a direct and proximate result of Defendant's retaliatory conduct, Dr. Lucinda Swatzell suffered, and continues to suffer the following injuries and damages:

 a. Loss wages;

 b. Future pay;

 c. Back pay;

 d. Loss of future professional opportunities;

 e. Damage to personal reputation;

 f. Damage to professional reputation;

 g. Diminished value of professional record;

 h. Attorney fees;

 i. Loss of enjoyment of life;

 j. Emotional distress and pain and suffering;

 k. Inconvenience;

 l. Mental anguish;

**WHEREFORE,** Plaintiff prays for an Order declaring Defendant violated Dr. Swatzell's due process rights, for injunctive relief proscribing future due process violations; reinstatement to her previous position, a judgment for lost wages, lost benefits, for embarrassment, humiliation, damage to her personal and professional reputation, emotional distress, attorney fees and punitive damages in an amount that will prevent the Defendant from engaging in the same or similar conduct as outlined above, attorney fees and cost and for an amount that is fair and reasonable, along with any other such relief deemed just and appropriate by this Court.

Respectfully submitted,
LAW OFFICES OF CHRISTOPHER BENT, LLC
/s/Christopher Bent, #45875
2200 West Port Plaza Dr., Ste. 309
St. Louis, MO 63146
(314) 439-0287
(314) 558-2622 (facsimile)
cbb@cbentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, the foregoing was filed electronically with the clerk of the court to be served by operation of the court electronic filing system upon the following:

Robert Kaiser, Esq.
Brittany Herron , Esq.
Armstrong Teasdale, LLP
7700 Forsyth Blvd., Suite 1800
Clayton, Missouri 63105-1847

/s/ Christopher Bent