IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LUCINDA SWATZELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:16-CV-00262-JAR |
| SOUTHEAST MISSOURI STATE UNIVERSITY, | ) |
| Defendant. | ) |

**AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Board of Regents, Southeast Missouri State University ("Defendant" or the "University")[1], by and through undersigned counsel, and amends its Answer to Plaintiff's First Amended Complaint to asserts its immunity from Plaintiff's claims under the Eleventh Amendment. In support of this Motion, Defendant states as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Defendant admits the allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

2. The allegations in Paragraph 2 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is necessary. In the event that a response is deemed necessary, Defendant admits Plaintiff seeks to invoke the Court's Jurisdiction pursuant to 28 U.S.C § 1331.

---

[1] Although Plaintiff has named the University as the Defendant in this case, pursuant to RSMo. § 174.040, the Board of Regents of Southeast Missouri University, not the institution itself, is the proper entity "to sue and be sued." Thus the proper defendant in this suit is Board of Regents, Southeast Missouri State University, not the University.

      3.      The allegations in Paragraph 3 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is necessary.  In the event that a response is deemed necessary, Defendant admits Plaintiff seeks to invoke the Court's Jurisdiction pursuant to 28 U.S.C § 1367.

      4.      Defendant admits the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

      5.      Defendant denies the allegations in Paragraph 5 of Plaintiff's First Amended Complaint.

      6.      Defendant admits the allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

      7.      Defendant admits the allegations in Paragraph 7 of Plaintiff's First Amended Complaint.

      8.      Defendant denies the allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

      9.      Defendant denies the allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

      10.      Defendant admits the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

      11.      Defendant denies the allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

## NATURE OF THE ACTION

12. Defendant admits Plaintiff purports to bring her claim pursuant to the Americans with Disabilities Act of 1990, the Civil Rights Act of 1964, as amended, and the Missouri Human Rights Act for discrimination and retaliation; breach of contract and Fourteenth Amendment due process violations.

## FACTS COMMON TO ALL COUNTS

13. Defendant admits the allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant admits Plaintiff denied and continues to deny some of the allegations of the student's harassment complaint. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant admits a student was a research assistant prior to lodging the formal complaint.

21. Defendant admits Plaintiff requested a student to turn in his final project. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's First Amended Complaint and, therefore, denies the same.

22. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant admits a student filed a formal complaint after that student's photo was posted on a University bulletin board.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint

26. Defendant admits the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant admits the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED AND MISSOURI HUMAN RIGHTS ACT

Defendant incorporates by reference, as if fully set forth herein, each and every answer

set forth in the preceding paragraphs and further answers as follows:

29. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint and, therefore, denies the same.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant admits the allegations Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

38. The allegations in Paragraph 38 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is necessary.  In the event that a response is deemed necessary, Defendant denies the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant denies the allegation in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant denies the allegation in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's First Amended Complaint.

## COUNT II

## VIOLATIONS OF DUE PROCESS

Defendant incorporates by reference, as if fully set forth herein, each and every answer set forth in the preceding paragraphs and further answers as follows:

44. The allegations in Paragraph 44 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is necessary.  In the event that a response is deemed necessary, Defendant denies the allegations in Paragraph 44 of Plaintiff's First Amended Complaint.

45. The allegations in Paragraph 45 of Plaintiff's Fist Amended Complaint contain legal conclusions to which no response is necessary.  In the event that a response is deemed necessary, Defendant denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant admits the Faculty Handbook details a procedure to follow when terminating a faculty member's employment for academic reasons.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's First Amended Complaint.

54. Defendant denies the allegations in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendant admits the allegations in Paragraph 56 of Plaintiff's First Amended Complaint.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant denies the allegations in Paragraph 60 of Plaintiff's First Amended Complaint.

61. Defendant denies the allegations in Paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendant denies the allegations in Paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant denies the allegations in Paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of Plaintiff's First Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's First Amended Complaint, including all subparagraphs.

## COUNT III

## BREACH OF CONTRACT

Defendant incorporates by reference, as if fully set forth herein, each and every answer

set forth in the preceding paragraphs and further answers as follows:

67. Defendant admits the allegations in Paragraph 67 of Plaintiff's First Amended Complaint.

68. Defendant admits Plaintiff accepted her employment, but denies the remaining allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendant admits the allegations in Paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant admits the allegations of Paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendant admits the allegations in Paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's First Amended Complaint.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's First Amended Complaint.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's First Amended Complaint, including all subparagraphs.

## COUNT IV

## RETALIATION

Defendant incorporates by reference, as if fully set forth herein, each and every answer set forth in the preceding paragraphs and further answers as follows:

81. Defendant denies the allegations in Paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant denies the allegations in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendant denies the allegations in Paragraph 83 of Plaintiff's First Amended Complaint.

84. Defendant denies the allegations in Paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendant denies the allegations in Paragraph 85 of Plaintiff's First Amended Complaint.

86. Defendant denies the allegations Paragraph 86 of Plaintiff's First Amended Complaint.

87.     Defendant denies the allegations in Paragraph 87 of Plaintiff's First Amended Complaint, including all subparagraphs.

### AFFIRMATIVE AND FURTHER DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.      Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.      Plaintiff's First Amended Complaint is barred by Eleventh Amendment Immunity.

3.      Defendant's actions with regard to each count were undertaken in good faith and for reasonable and adequate cause, in the absence of any malicious intent to injure Plaintiff.

4.      Plaintiff's First Amended Complaint is barred in whole or in part because all employment decisions concerning Plaintiff were based on legitimate, nondiscriminatory, non-retaliatory, and non-pretextual reasons unrelated to Plaintiff's alleged disability and Defendant would have made the same employment decisions regardless of Plaintiff's alleged disability.

5.      Any actions, events, injuries, and/or damages complained of by Plaintiff, were, if they occurred wholly or in part, the result of Plaintiff's own fault, neglect, and wrongful acts and not any wrongful or improper actions on the part of Defendant. Therefore, Defendant pleads the intervening acts and omissions of Plaintiff as a complete bar to Plaintiff's claims against Defendant.

6.      Plaintiff's contract claims are barred by the Statute of Frauds/or the parol evidence rule to the extent her tenured employment terms were not in writing.

7.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

8. Count III of Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted because plaintiff's indefinite duration of employment created nothing more than an at-will employment relationship. The presence of an adequate cause termination provision does not create contract employment.

9. Plaintiff's First Amended Complaint must be dismissed as it fails to state a claim for relief against Defendants upon which relief may be granted.

10. Plaintiff's claim for violation of constitutional due process fails to state a claim upon which relief can be granted because, to the extent process was due, Plaintiff was afforded all process to which she was due in the circumstances presented

11. Plaintiff's claims for punitive damages fail because Plaintiff cannot establish that Defendant's conduct towards Plaintiff was outrageous or was based on Defendant's evil motive or reckless disregard for the rights of others.

12. Defendant asserts it has not engaged in intentional or willful discrimination with respect to Plaintiff, and Defendant therefore cannot be liable for punitive damages

13. Plaintiff's claim for damages, and certain categories of damages, and the amounts thereof recoverable, are limited by the applicable limit(s) on statutory damages, including but not limited to those limits set forth for claims under Title VII.

14. Plaintiff fails to state a claim(s) for punitive damages because the procedure for assessing punitive damages, facially and as applied to the facts of this case, violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution.

15. Plaintiff is barred from recovering punitive damages because Defendant had in place a policy to prevent discrimination and retaliation in the workplace and made good faith efforts to implement and enforce that policy.

16. Plaintiff's claim for injunctive and other relief is barred because Plaintiff has an adequate and complete remedy at law.

17. Plaintiff's requests for attorney's fees, reinstatement, and other equitable remedies are not triable to a jury.

18. Defendant is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

19. Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in her First Amended Complaint and any damages which she allegedly suffered.

20. Plaintiff's claims are barred to the extent the Defendant's actions were not reckless or intended to cause Plaintiff any alleged emotional distress.

21. The damages allegedly sustained by Plaintiff, if any, must be offset by her receipt of income, employment benefits, unemployment compensation, disability benefits, social security disability benefits, Medicare benefits, Medicaid benefits, supplement insurance benefits, or via any other benefit or collateral source.

22. Defendant hereby gives notice that it intends to rely upon such other defenses that may become available or ascertained during the course of discovery in this case, and hereby retains the right to amend this Answer and assert additional defenses.

23. All claims asserted herein for actual and punitive damages are barred by statutory

sovereign immunity, RSMo. 537.600, et seq., and the Eleventh Amendment.

WHEREFORE, Defendant Board of Regents, Southeast Missouri State University prays for the dismissal of Plaintiff's First Amended Complaint, an award of costs, expenses, and fees incurred herein in its favor, and for such other and further relief as the Court deems just and proper.

                      ARMSTRONG TEASDALE LLP


                      By: */s/ Robert Kaiser*
                          Robert A. Kaiser, 31410MO
                          Brittney J. Herron, 69131MO
                          7700 Forsyth Blvd., Suite 1800
                          St. Louis, Missouri 63105
                          Telephone:  314.621.5070
                          Fax:  314.621.5065
                          rkaiser@armstrongteasdale.com
                          bherron@armstrongteasdale.com

                          Attorneys for Defendant
                          SOUTHEAST MISSOURI STATE
                          UNIVERSITY

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Christopher Bent
Law Offices of Christopher Bent. LLC
2200 West Port Plaza Dr., Ste. 309
St. Louis, MO 63146
cbb@cbentlaw.com

*/s/ Robert Kaiser*